# Exhibit A

1
2
3
4
5
6
7

SUPERIOR COURT FOR THE STATE OF WASHINGTON
FOR KING COUNTY

8  PHILLIP J. ANDERSON, an individual,

9              Plaintiff,
       v.

10 COMCAST CABLE COMMUNICATIONS
11 MANAGEMENT, LLC, a Pennsylvania
   Limited Liability Company,

12             Defendant.

NO. 23-2-18519-6 SEA

**COMPLAINT FOR DAMAGES**

13              **I.    NATURE OF ACTION**

14      1.1    Phillip J. "Andy" Anderson (hereinafter "Plaintiff"), by and through his attorneys

15 of record, HKM Employment Attorneys, LLP, requests damages, statutory damages, punitive

16 damages, reasonable attorneys' fees and costs, in addition to other relief, for the unlawful

17 conduct of his employer, Comcast Cable Communications Management, LLC ("Defendant" or

18 "Comcast").

19      1.2    Comcast discriminated against Plaintiff and wrongfully constructively terminated

20 his employment in violation of the Washington Law Against Discrimination.

21              **II.    PARTIES**

22      2.1    Plaintiff is an individual residing in King County, Washington.  At all times

23 material hereto, Plaintiff was employed by Comcast.

24

COMPLAINT FOR DAMAGES - 1

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

2.2     Defendant Comcast is a Pennsylvania limited liability company existing under the laws of Washington State and transacting business in King County.

2.3     Defendant is an "employer" subject to statutes governing employment in the State of Washington, including Ch. 49.12 RCW and Ch. 49.60 RCW.

## III.     JURISDICTION AND VENUE

3.1     The Court has jurisdiction because at all times material to this action, Defendant conducted business within King County.

3.2     This action has been filed within the applicable statutory time periods.

3.3     Venue and jurisdiction are proper in this court under RCW 2.08.010 and RCW 4.12.025(1).

## IV.     FACTUAL BACKGROUND

4.1     Plaintiff is an African American Air Force veteran who served two years active duty and three years inactive Reserve.  He holds a Bachelor of Science degree Cum Laude in Communications and Information Systems from Robert Morris University in Pittsburgh, Pennsylvania and a Master of Business Administration degree from Keller Graduate School of Management.  He has held prior management positions with large employers including the Boeing Company, Portland General Electric, PNC Bank and Amazon.

4.2     Plaintiff began working for Comcast on or around May 2017 as a Care Technical Representative.

4.3     After gaining experience with Comcast in the Care Technical Representative position, Plaintiff began applying for other professional positions with Comcast.

4.4     On or around February 24, 2019, Plaintiff applied for a Project Management Associate position.  Despite having a positive performance record with Comcast and having

COMPLAINT FOR DAMAGES - 2

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

1  experience in a similar role with the Boeing Company, Plaintiff was not selected for the role.

2  Comcast instead promoted a younger Caucasian employee.

3       4.5     In or around June 2019, Plaintiff applied for the positions of Billing Analyst and

4  Program Manager.  During the shift bid for these positions, Defendant reassigned Plaintiff from

5  his experienced African American supervisor to a supervisor who was unfamiliar with Plaintiff's

6  skills and experience.  Despite having a positive performance record with Comcast and relevant

7  experience, Plaintiff was not selected for either position.  For one position, Comcast instead

8  selected an employee from out of state, despite Plaintiff's experience and knowledge of the local

9  area.

10       4.6     In or around January 2020, Plaintiff was in contact with a Comcast recruiter and

11  applied for a Program Manager position.  Despite having a positive performance record with

12  Comcast and having experience in a similar role with the Boeing Company, Plaintiff was not

13  selected for the role.  Comcast instead promoted a much younger Caucasian employee with less

14  experience than Plaintiff.

15       4.7     In or around March 2020, Plaintiff applied for an Analyst position.  This position

16  was very similar to a role Plaintiff had worked at Boeing.  Plaintiff was interviewed in person for

17  the position.  Despite having a positive performance record with Comcast and relevant

18  experience in a similar role, Plaintiff was not selected for the position.  Comcast instead selected

19  a much younger Caucasian employee with less experience than Plaintiff.

20       4.8     In or around April 2020, Plaintiff learned that another African American

21  employee, Alfred Allen, who was a top performer in his role and had also been unsuccessfully

22  attempting to promote within Comcast, was suddenly terminated during a leave of absence.

23  Allen was a top performer in the Comcast's Lynnwood Call Center of Excellence.

24

COMPLAINT FOR DAMAGES - 3

1    4.9    On April 15, 2020, Comcast disciplined Plaintiff, giving him a corrective action

2  form for attendance which identified unapproved absences dating from February 2020.  Plaintiff

3  objected to the discipline, noting that the dates in question were dates where his wife had

4  medical emergencies and/or doctor's appointments.

5    4.10    In or around January 2021, Plaintiff applied for a Manager, Customer Experience

6  position.  Despite having a positive performance record with Comcast and relevant experience,

7  Plaintiff was not selected for the position.  Comcast instead selected a Caucasian employee from

8  out of state.

9    4.11    In or around mid-April 2021, Plaintiff applied for an Assistant Manager position

10  in Comcast's Lynnwood, Washington retail storefront.  Plaintiff participated in three separate

11  interviews.  A few weeks later, in early May 2021, Plaintiff received a phone call from Kristen

12  Ritchie (Comcast Director of Operations).  Ms. Ritchie informed Plaintiff that he had "not" been

13  selected for the Assistant Manager position and that Comcast would present him a formal offer

14  soon.  On May 7, 2021, a Comcast recruiter called Plaintiff to inform him that he was not

15  selected for the Assistant Manager position.  Despite having a positive performance record,

16  positive interviews with Comcast managers, and having experience in prior similar roles,

17  Plaintiff was not selected for the role.  Comcast instead promoted a younger Caucasian

18  employee, a former supervisor in the Lynnwood Call Center with less experience and education

19  and similar performance metrics to Plaintiff.

20    4.12    During the May 7 phone call, Ms. Ritchie's recruiter offered Plaintiff a position as

21  a Retail Service Executive, a position Plaintiff had not applied for and that paid less than he

22  made in his then current position.  Plaintiff's wife, Marilyn Anderson, was witness to the phone

23

24

COMPLAINT FOR DAMAGES - 4

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

1   call. Plaintiff declined to accept the position, which would have been a demotion, since the

2   wages were far less than he was currently making in his current role.

3        4.13    On or around June 17, 2021, Plaintiff consulted with his supervisor, Geri Jackson,

4   to discuss his frustration with Comcast's decisions to not promote him. Plaintiff asked for Ms.

5   Jackson's assistance in preparing for future interviews.

6        4.14    On July 3, 2021, Comcast disciplined Plaintiff, giving him a corrective action

7   form for attendance. Plaintiff had again been in contact with his supervisor regarding his wife's

8   medical appointments and medical emergencies, but Comcast ignored Plaintiff's need to care for

9   his wife.

10       4.15    In or around September 2021, Plaintiff applied for a Lead Team position. Despite

11   having a positive performance record with Comcast and relevant experience, Plaintiff was not

12   selected for the position. Lead Team supervisor Joshua Crawford noted that while Plaintiff's

13   metrics were good, Plaintiff was "not what he was looking for on his team." Crawford indicated

14   that Plaintiff's scores were not up to standard for the Lead Team, despite Plaintiff's performance

15   meeting expectations on all reviews. Plaintiff indicated that his work had saved millions of

16   dollars of accounts that would have otherwise left Comcast for competitors and noted his many

17   years of Tech Support experience with Comcast and before coming to Comcast, to no avail.

18       4.16    In or around January 2022, Plaintiff applied for a Retail Sales Professional

19   position. Despite having a positive performance record with Comcast and relevant experience,

20   Plaintiff was not selected for the position. Comcast instead selected a younger Caucasian

21   employee for the position.

22       4.17    That same month, Plaintiff applied for an Analyst I, Forecasting & Analysis

23   position. Despite having a positive performance record with Comcast and relevant experience,

24

COMPLAINT FOR DAMAGES - 5

1   Plaintiff was not selected for the position.  Comcast instead selected a younger, out-of-state

2   employee.

3         4.18   In or around February 2022, Plaintiff applied for a Customer Project Manager

4   position.  Despite having a positive performance record with Comcast and relevant experience,

5   Plaintiff was not selected for the position.  The rejection email from Comcast reads "We've

6   reviewed your qualifications and contributions to Comcast and see that you exhibit a valuable set

7   of skills and accomplishments.  However, we are unable to move you forward in the process as

8   you are not the best match for this particular role."  Comcast made no effort to explain why

9   Plaintiff was not the best match, and it instead selected a younger Caucasian employee for the

10  position.

11        4.19   Comcast continued to promote younger, Caucasian employees instead of Plaintiff.

12  Mark Graham, a Caucasian male younger than Plaintiff, was hired by Comcast two years after

13  Plaintiff.  Graham had similar performance to Plaintiff, and, like Plaintiff, was well liked by

14  Comcast customers and provided great service to customer and colleagues.  Plaintiff and Graham

15  had both finished all required training and paperwork, but due to Plaintiff's constant

16  reassignment between various supervisors, no supervisor would sign off on Plaintiff's

17  paperwork.  Meanwhile, Comcast promoted Graham to CSR Level 4 with no difficulty.

18        4.20   On or around March 10, 2022, Plaintiff has a one-on-one meeting with Comcast

19  supervisor Michael Levine.  Plaintiff again expressed frustration over the lack of additional

20  training, such as people organizational courses, that would have helped in his efforts to secure a

21  promotion.  Instead of offering support or guidance, Mr. Levine informed Plaintiff that, despite

22  his more than five years of satisfactory performance, he would be put on a Performance

23  Improvement Plan ("PIP") for his recent performance.

24

COMPLAINT FOR DAMAGES - 6

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

4.21    While on the PIP, Plaintiff was scrutinized and received constant formal and informal coaching from supervisors, who manufactured every excuse to criticize Plaintiff's performance.

4.22    Plaintiff received positive annual performance reviews every year of his employment with Comcast, scoring Achieves Expectations and/or Effective every year.  In Plaintiff's final 2021 performance review with Comcast, his supervisor noted that Plaintiff "contributed in group coachings and huddles, always with positive input.  He was a joy to work with!"  These hollow statements rang false to Plaintiff, who, despite his hard work, positive attitude, and consistent achievement, was consistently denied opportunities for promotion.

4.23    Plaintiff also performed well on Comcast's internal performance metrics and earned quarterly bonuses every business quarter during his employment.

4.24    Plaintiff understood that he would never receive fair and equal treatment from Comcast, and so on May 14, 2022, he submitted his resignation.

## V.    CAUSES OF ACTION

### COUNT ONE - RACE DISCRIMINATION IN VIOLATION OF WASHINGTON LAW AGAINST DISCRIMINATION, RCW 49.60 *et seq.*

5.1    Plaintiff realleges paragraphs 1.1 through 4.24 of the Complaint and hereby incorporates the same by reference.

5.2    The above facts state claims against Defendant for race discrimination in violation of RCW 49.60 *et seq.*, the Washington Law Against Discrimination.

5.3    As a result of Defendant's wrongful conduct, Plaintiff has suffered damages in amounts to be proven at trial and is entitled to compensatory damages, back pay and front pay, emotional distress damages, attorneys' fees and costs.

///

COMPLAINT FOR DAMAGES - 7

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington  98101
(206) 838-2504

1

**COUNT TWO - AGE DISCRIMINATION IN VIOLATION OF WASHINGTON LAW AGAINST DISCRIMINATION, RCW 49.60 *et seq.***

2

3       5.4     Plaintiff realleges paragraphs 1.1 through 5.3 of the Complaint and hereby

incorporates the same by reference.  ·

4

5       5.5     The above facts state claims against Defendant for age discrimination in violation

of RCW 49.60 *et seq.*, the Washington Law Against Discrimination.

6

7       5.6     As a result of Defendant's wrongful conduct, Plaintiff has suffered damages in

amounts to be proven at trial and is entitled to compensatory damages, back pay and front pay,

8

emotional distress damages, attorneys' fees and costs.

9

**COUNT THREE - RETALIATION IN VIOLATION OF WASHINGTON LAW AGAINST DISCRIMINATION, RCW 49.60 *et seq.***

10

11       5.7     Plaintiff realleges paragraphs 1.1 through 5.6 of the Complaint and hereby

12 incorporates the same by reference.

13       5.8     The above facts state claims against Defendant for harassment in violation of

14 RCW 49.60 *et seq.*, the Washington Law Against Discrimination.

15       5.9     As a result of Defendant's wrongful conduct, Plaintiff has suffered damages in

16 amounts to be proven at trial including damages for past and future wage and benefits loss,

17 emotional distress, punitive and statutory damages, and attorneys' fees and costs.

18

**COUNT FOUR - WRONGFUL CONSTRUCTIVE TERMINATION**

19       5.10    Plaintiff realleges paragraphs 1.1 through 5.9 of the Complaint and hereby

20 incorporates the same by reference.

21       5.11    Defendant intentionally created or maintained working conditions so intolerable

22 that a reasonable person in Plaintiff's position would have left employment because of them.

23       5.12    Defendant, acting through its supervisors and agents, desired that Plaintiff leave

24 employment because of the intolerable working conditions.

COMPLAINT FOR DAMAGES - 8

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
(206) 838-2504

5.13    In the alternative, Defendant, acting through its supervisors and agents, knew that Plaintiff was substantially certain to leave employment as a result of the intolerable working conditions and was constructively discharged.

5.14    Plaintiff left employment with Defendant as a result of the above-described intolerable working conditions.

5.15    As a result of Defendant's wrongful conduct, Plaintiff has suffered damages in amounts to be proven at trial including damages for past and future wage and benefits loss, emotional distress, punitive and statutory damages, and attorneys' fees and costs.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A.  Damages for back pay and benefits lost and for future pay and benefits lost;

B.  Actual damages;

C.  Statutory damages;

D.  Liquidated damages;

E.      Damages for loss of enjoyment of life, pain and suffering, mental anguish, emotional distress, and humiliation;

F.  Punitive damages;

G.  Pre- and post-judgment interest in an amount to be proven after trial;

H.  Compensation as tax relief associated with any recovery on claims herein;

I.  Reasonable attorneys' fees and costs;

///

///

///

///

COMPLAINT FOR DAMAGES - 9

J.   Injunctive relief; and

K.   Whatever further and additional relief this Court shall deem just and equitable.

DATED this 27th day of September, 2023.

/s/ Patrick L. McGuigan
Patrick L. McGuigan, WSBA No. 28897
HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, WA 98101-1225
Telephone: (206) 838-2504
Facsimile: (206) 260-3055
E-mail: plmcguigan@hkm.com
Attorneys for Plaintiff

COMPLAINT FOR DAMAGES - 10